(No. 3578—)

RONALD J. VADEBONCOEUR, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

SHAPIRO & LAURIDSEN, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed on January 16, 1941, for an alleged injury suffered by claimant during the course of his employment for the State.

The record consists of the complaint, stipulation, testimony, report of the managing officer of Manteno State Hospital, report of Dr. L. L. Bell, St. Anne, Illinois, waiver of brief and argument on behalf of claimant and respondent.

The record discloses that on the 25th day of July, 1940, the claimant was an attendant at the Manteno State Hospital and had been for some time prior thereto. He was being paid a salary of $871.20 per year plus room and board. It is stipulated that at the time of the alleged illness, the claimant was the father of two dependent children under the age of sixteen years.

This record further discloses that claimant's duties at the Manteno State Hospital required him to use lysol for sterilizing instruments in the hospital, and on the 25th day of July, 1940, the skin of his body began to "break out." Claimant reported his condition to Dr. Chrysler, of the institution, who referred him to Dr. Steinberg, a member of the staff. Claimant testified that the last-named doctor prescribed a calomine lotion to be applied to his body and that the lotion failed to give him relief. He then employed Dr. L. L. Bell, St. Anne, Illinois, who treated him for dermatitis until October 10, 1940.

Dr. Bell discharged the claimant on said date, from further treatment, and the claimant reported back to the institution on the 14th day of October, 1940, for work.

The claimant presents two exhibits, showing expenditures made by him in his effort to be relieved from this skin infection: To Dr. L. L. Bell $10.00; for medicines $9.47.

The report of the managing officer at Manteno State Hospital states that the institution's record fails to disclose any injury that this claimant may have sustained during the course of his employment, and there is no record of any form of treatment given to this claimant at the hospital by any of the staff physicians.

The record discloses that claimant returned to work on October 14, 1940, and presented a certificate from Dr. L. L. Bell, in which he states that the claimant had been discharged by him from further treatment for a dermatitis which he believed may have been the result of handling lysol solution.

An accidental injury, within the meaning of the Workmen's Compensation Act, is one which occurs in the course of the employment unexpectedly and without the affirmative act or design of the employee. The word "accident" is not to be technically construed. It may comprehend any event which is unforeseen and not expected by the person to whom it happens. The act of sterilizing with lysol by claimant was expected and was in itself not an accident. The infection was not expected and is traceable to the act of using lysol and is compensable.

After a full consideration of this record, the court finds that the claimant and respondent were, on the 25th day of July, 1940, operating under the provisions of the Workmen's Compensation Act; that on the date last

above mentioned said claimant sustained accidental injuries which did arise out of and in the course of the employment; that notice of said accident was given said respondent and claim for compensation on account thereof was made on said respondent within the time required under the provisions of said Act. That the earnings of claimant next preceding the injury were $1,159.20, and that the average weekly wage was $22.29. That the claimant at the time of the injury had two children under sixteen years of age.

Under Section 8, paragraph (a) of the Act, claimant is entitled to have such medical care as is reasonably required to relieve him of the effects of his injury. It appears from the record that the services claimed were necessary and that the charges therefor were reasonable and just. The record further discloses he was not able to work for a period of eleven weeks after said injury.

An award is therefore made in favor of the claimant in the sum of $161.70 for temporary total compensation from the 25th day of July, 1940, until October 10, 1940, at $14.70 per week and for the sum of $19.47 for doctor bill and medicines expended by claimant during that period in order to relieve his condition of ill-being, making a total award in the sum of $181.17, all of which has accrued and is payable in a lump sum.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."